*73 The opinion of the Court was delivered by
Whitner, J.
This was an application to the Recorder to reform the taxation of costs by the Clerk of the City Court. The actions we are informed by the report, were in the Summary Process Jurisdiction of the Court, to recover the penalty of twenty dollars for violations of a city ordinance, and costs had been taxed according to the Fee Bill of 1791.
What might be the just construction of the legislation on the subject of fees allowed officers of the City Court if restricted to the Act of Assembly of 1801, and the Act of Assembly of 1827 we are not called upon to determine. The phraseology of the former Act is peculiar in providing, that the fees “ shall be in all respects the same as are now allowable by law in the summary jurisdiction of the Court of Common Pleas.” But the Act of Assembly of 1818, (7 Stat. 319,) Sect. 2, directs “ that the charges and fees of the several officers of said Inferior City Court shall be the same as in the Court of Sessions and Common Pleas in like cases.” This provision is less equivocal and restrictive, and adopts a rule for compensation intended to be uniform as between the same officers in the Courts of Sessions and Common Pleas in the State and the City Court in all Wee cases. This is simple, just and reasonable, in allowing the same rate of compensation, for the same service, performed by the same officer, in the City Court as in the Superior Court. From that time forth upon a just interpretation of this Act, in the opinion of a majority of this Court, the fees of these officers in the Inferior Court were to be ascertained and regulated by the fees allowed like officers in the Superior Court for like services from time to time. Hence, when by the Act of 1827, (6 Stat. 332,) the fees of officers of the Courts of Law were regulated, though the same officers are not referred to by name in the Inferior Court, the Act of 1818, having in general terms declared that their fees should be the same, brought the latter class of officers within its operation,
*74 Such a construction is consistent with the phraseology of the Act, as it is surely with the general scheme and spirit of the law, otherwise we should have the strange anomaly of officers in the city itself, bearing the same name, incurring like responsibility and charged with the same service, receiving therefor a different rate of compensation in Wee cases.
This view dispenses with the necessity of considering the question raised in the argument, whether such suits as the present fall within the provisions of the Act of 1809. The fees allowed by the Act of 1827 to such officers in cases where amount sued for is above or below the sum of'fifty dollars is well settled, and the taxation in the present actions should conform.
We find no warrant in the law for the idea that this Court has been converted into a Magistrate’s Court, or that the fees allowed officers in the City Court are in any way governed by fees appertaining to the magistrate’s jurisdicion.
There is no analogy which leads to any solution of the question as to fees allowed attorneys, clerks and sheriffs in the City Court.
The cases are remanded to the City Court that an. order may be made by the Recorder, reforming the taxation of costs in accordance with the Fee Bill of 1827.
O’Neall, Wardlaw, Withers and Glover, JJ., concurred.

Motion granted.